IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**EZELL ARMSTRONG,**

        **Plaintiff,**

v.                                                    **Case 2:19-cv-02592-JTF-cgc**

**FEDEX EXPRESS,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING PURSUANT TO 28 U.S.C. § 1915**

---

On September 4, 2019, Plaintiff Ezell Armstrong filed a *pro se* Complaint for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 (the "ADEA") and a motion to proceed *in forma pauperis*. (Docket Entry ("D.E.") # 1 & 2.) The motion to proceed *in forma pauperis* was granted on September 25, 2019. (D.E. # 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05.[1] For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915 ("Section 1915") for failure to state a claim upon which relief may be granted.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

## I.   Introduction

Plaintiff alleges that his employer, FedEx terminated his employment in violation of Title VII and the ADEA.  Specifically, Plaintiff states he "was told to help unload and young workers [were] not and [a] lady hit the string that [he] was pulling and [it] hit him."  Plaintiff lists his race as Black and states that he was born in 1950, making him sixty-seven years old at the time of the allegedly discriminatory act.  Plaintiff attached his Notice of Right to Sue letter sent by the Equal Employment Opportunity Commission on June 13, 2019.  For relief, Plaintiff seeks twenty-five thousand dollars in compensatory damages.

## II.   Analysis

Plaintiff's Complaint alleges violations of Title VII and the ADEA.  Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 93, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, "the lenient treatment generally accorded to pro se litigants has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  The basic pleading essentials are not abrogated in *pro se* cases.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  A *pro se* complaint must still "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face."

*Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and emphasis omitted)). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a *pro se* litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). Although a plaintiff alleging employment discrimination is not required to plead a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff must still set forth a short and plain statement that he or she is entitled to relief pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

As to any claims of race discrimination, the essential elements of Plaintiff's Title VII claim are that Plaintiff: (1) is a member of a protected class; (2) was subjected to an adverse employment action; (3) was qualified for the position; and (4) either similarly situated, non-protected employees were treated more favorably or he was replaced by someone outside of his protected class. *Younis v. Pinncale Airlines, Inc.*, 610 F.3d 359, 393 (6th Cir. 2010). Plaintiff states he is a Black male, and thus a member of a protected class, and that he was terminated, therefore subjected to an adverse employment action. Plaintiff, however, does not allege any facts which allow this Court to infer that he was discriminated against because of his race. Plaintiff makes no factual allegations about any similarly situated comparators or that he was replaced by someone outside of his protected class. Accordingly, it is RECOMMENDED that Plaintiff's claim of race discrimination be dismissed.

As to any claims of age discrimination, the essential elements of Plaintiff's ADEA claim are that Plaintiff: (1) was at least forty years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) he

was replaced by a substantially younger individual. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008) (citing *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 317 (6th Cir. 2007)). Plaintiff states in his Complaint that he was born in 1950, making him sixty-seven years old at the time of the alleged adverse employment action, his termination. Plaintiff, however, makes no factual allegations which allow this Court to infer that Plaintiff was discriminated against on the basis of his age. Plaintiff's mere conclusory statement that "younger employees" were not asked to help unload is insufficient to establish that FedEx discriminated against him because of his age. Accordingly, it is RECOMMENDED that any claims of age discrimination be dismissed.

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to

4

recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 1st day of June 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**