**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **EZELL ARMSTRONG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:19-cv-02592-JTF-cgc** |
| | ) | |
| **FEDEX EXPRESS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE**

Before the Court is Plaintiff Ezell Armstrong's pro se complaint against Defendant FedEx Express that was filed on September 4, 2019. (ECF No. 1.) Plaintiff also filed a Motion seeking leave to proceed *in forma pauperis* (ECF No. 2), which was granted on September 25, 2019. (ECF No. 7.) After screening Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), the Magistrate Judge entered a Report and Recommendation ("R. & R.") on June 1, 2020, advising the Court to dismiss the complaint for failing to state a claim upon which relief could be granted. (ECF No. 8.) Plaintiff filed objections on June 19, 2020. (ECF No. 9.) For the following reasons, the Court ADOPTS the R. & R., DENIES Plaintiff's objections, and DISMISSES Plaintiff's complaint with prejudice.

**FACTUAL HISTORY**

In the R. & R., the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case.  (ECF No. 8, 2.)

1

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472, 88 L.Ed.2d 435 (1985)). This is consistent with the purposes of 28 U.S.C. § 636, particularly to preserve judicial economy and protect against the "duplication of time and effort" caused when "both the magistrate and the

2

district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

<u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1, service will not issue in a pro se case where the pro se plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B); LR 4.1(b). Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

<u>Standard of Review for Failure to State a Claim</u>

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681).  Additionally, although not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Curtin*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, and the Court cannot create a claim

that has not been spelled out in a pleading. *Falkner v. United States*, No. 11-2982-STA-cgc, 2012 U.S. Dist. LEXIS 93372, at *16 (W.D. Tenn. July 6, 2012).

## ANALYSIS

Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 (the "ADEA"). (ECF No. 1.) After a thorough analysis of the complaint, the Magistrate Judge advised that Plaintiff's claims should be dismissed because they do not contain a "short and plain statement" showing that he is entitled to relief. (ECF No. 8, 3-4) (quoting Fed. R. Civ. P. 8(a)). Specifically, the R. & R. found that Plaintiff failed to allege facts that satisfy the required elements of his Title VII and ADEA claims. *See* (*Id*. at 3) ("Plaintiff [] does not allege any facts which allow this Court to infer that he was discriminated against because of his race. Plaintiff makes no factual allegations about any similarly situated comparators or that he was replaced by someone outside of his protected class."). *See also* (*Id*. at 4) ("Plaintiff [] makes no factual allegations which allow this Court to infer that Plaintiff was discriminated against on the basis of his age.").

Plaintiff's objections elaborate on the facts alleged in the complaint but still do not remedy the deficiencies identified in the R. & R. Generally, when the court is tasked to consider whether a complaint should survive a Rule 12(b)(6) dismissal, it must focus only on the allegations in the pleadings and cannot consider additional evidence brought forth in the plaintiff's response. *Waskul v. Washtenaw Cty. Cmty. Mental Health*, 979 F.3d 426 (6th Cir. 2020). Any new facts must be alleged in an amended complaint. *Id*. However, even if the Court were to construe Plaintiff's objections as a motion to amend his complaint, the new facts he alleges are still insufficient to survive a Rule 12(b)(6) dismissal. For example, Plaintiff reiterates that he is black and was "hit by a [c]aucasian female," but does not allege that this was done because of his race or that he was

4

ultimately replaced by someone outside his protected class. (ECF No. 9, 2.) Similarly, Plaintiff describes that he was "singled out" because he was "too slow," that he "encountered harassment," and was generally treated "unjustly" and spoken to "disrespectfully." (*Id.* at 1-2.) While that may be true, Plaintiff's complaint and subsequently filed objections still only allege a single reference to age—the "incident" when he was made to unload boxes while his "younger" colleagues "stood near." (ECF Nos. 1 & 8, 1.) As the R. & R. found, these facts are insufficient to establish Plaintiff's age discrimination claim. (ECF No. 8, 4.) Accordingly, the Magistrate Judge's recommendation to dismiss the complaint should be adopted.

The R. & R. also advises that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff may not appeal *in forma pauperis* because such an appeal would not be taken in good faith. (ECF No. 8, 4-5.) Plaintiff did not object to this recommendation. Under 28 U.S.C. § 1915(a)(3), "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The good faith standard is an objective one" and considers whether the litigant seeks appellate review of any nonfrivolous issue. *Beard v. Memphis, TN Crim. & Judicial Sys.*, No. 17-2184-STA-cgc, 2017 U.S. Dist. LEXIS 100175, at *8 (W.D. Tenn. June 16, 2017). Additionally, courts hold that it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, while simultaneously finding that the claim has sufficient merit to support an appeal *in forma pauperis*. *Id.* at *8. Accordingly, this Court certifies, pursuant to 28 U.S.C. § 1915(a), that an *in forma pauperis* appeal by Plaintiff in this case would not be taken in good faith, and thus, may not be taken.

5

## <u>CONCLUSION</u>

Upon *de novo* review the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Plaintiff's objections, and **DISMISSES** Plaintiff's claims with prejudice.

**IT IS SO ORDERED** this 11th day of December 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge